IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


TINA L. SMITH,                          )
     Plaintiff                      )
                                        )
          v.                 )     2:10-cv-911
                                        )
COMMISSIONER OF SOCIAL                  )
SECURITY,                               )
     Defendant.                     )


## REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the cross motions for summary judgment (Docket Nos. 9 and 12) be denied without prejudice and that the matter be remanded for further evaluation and consideration of the plaintiff's possible mental disability.

II.    Report

Presently before the Court for disposition are cross motions for summary judgment.

On July 12, 2010, Tina L. Smith, by her counsel, filed a complaint pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§405(g) and 1383(c)(3) for review of the Commissioner's final determination disallowing her claim for a period of disability or for disability insurance benefits and supplemental security income benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423 and 1381 cf.

The plaintiff filed an application for disability and supplemental security income benefits on April 2, 2006 (R.97-108). Benefits were denied on March 20, 2007 (R.55-64).  On May 16,

2007, the plaintiff requested a hearing (R.65), and pursuant to that request a hearing was conducted on July 17, 2008 (R.20-50).  In a decision filed on December 1, 2008, an Administrative Law Judge denied benefits (R.6-19).  On December 5, 2008, the plaintiff requested reconsideration of this determination (R.5), and upon reconsideration, and in a decision dated June 10, 2010, the Appeals Council  affirmed the prior decision (R.2-4). The instant complaint was filed on July 12, 2010.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his/her burden of demonstrating that he/she was disabled within the meaning of the Social Security Act.

It is provided in 42 U.S.C. Section 405(g) that:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Johnson v. Comm'r. 529 F.3d 198 (3d Cir.2008); and the court may not set aside a decision supported by substantial evidence. Hartranft v. Apfel, 181 F.3d 358 (3d Cir.1999).

Presently before the Court for resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff is not disabled within the meaning of the Act.

At the hearing held on July 17, 2008 (R.20-50), the plaintiff appeared with counsel (R.22), and testified that she worked from September 27, 2005 through October 14, 2005 as an assembler (R.26) and is receiving public assistance (R.26).

The plaintiff also testified that she is afraid to go outside (R.27,40); that she is being treated for depression, anxiety and back pain (R.30); that she performs limited household chores (R.34-35); that she watches television (R.36) and that she wears insoles but they do not help her feet (R.31).

At the hearing a vocational expert was called upon to testify (R.43-48). He summarized the plaintiff's background as ten years of special education and very brief employment as an assembler of small parts which is considered light unskilled work (R.43). He further testified that the plaintiff could not perform her past work (R.43). When asked to assume an individual of the plaintiff's age, education, training and work experience who could perform sedentary work with some limitations, the witness testified that there was gainful employment such an individual could engage in (R.44-45). However, the expert also testified that those jobs only permitted limited work breaks (R.46,47).

The issue before the Court is whether or not the plaintiff meets the requirements for establishing a disability.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

It is provided in 42 U.S.C. Section 1382c(a)(3) that:

(A)... an individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

(B) For purposes of subparagraph (A), an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

* * *

(D) For purposes of this paragraph, a physical or mental impairment is an impairment that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and
laboratory diagnostic techniques.

It is also provided that:

Notwithstanding the provisions of subparagraphs (A) through (E), an individual
shall also be considered to be disabled for purposes of this subchapter if he is
permanently and totally disabled as defined under a State plan approved under
subchapter XIV or XVI of this chapter as in effect for October 1972 and received
aid under such plan (on the basis of disability) for December 1973 (and for at least
one month prior to July 1973), so long as he is continuously disabled as so
defined.

42 U.S.C. Section 1382c(3)(F).

Pursuant to the authorization contained in 42 U.S.C. Section 1382c(3)(D), the

Commissioner has promulgated certain regulations for the implementation of the Supplemental

Security Income Program.  While these statutory provisions have been regarded as "very harsh,"

nevertheless, they must be followed by the courts.  NLRB v. Staiman Brothers, 466 F.2d 564 (3d

Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d

Cir. 1970).  Thus, it must be determined whether or not there is substantial evidence in the record

to support the conclusion of the Commissioner that the plaintiff is not disabled within the

meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed by the Commissioner.

The plaintiff attended the Uniontown Area Senior High School during 2001-2003 and

was provided with learning support classes through part-time special education classes (R.142-

160).

The plaintiff was diagnosed with chronic bilateral foot pain and plantar fasciitis on

November 21, 2005, and she was reported to be doing a little better on December 6, 2005

(R.191,195-196).

The plaintiff was evaluated on October 9, 2006 by Dr. Selim El-Attrache for neck, shoulder, back and knee pain. A nerve block and medication were prescribed as well as weight loss (R.214-220).

The plaintiff attended physical therapy for back pain between May 26, 2006 and November 14, 2006 (R.197-203).

On November 15, 2006, it was reported that the plaintiff was 5'4" tall and weighed 306 pounds. Musculoskeletal pain possibly attributable to obesity was noted (R.204-213).

In a report of a psychological evaluation conducted on February 6, 2007, Dennis W. Kreinbrook, Ph.D. diagnosed a major depressive disorder of moderate intensity, and borderline intellectual ability with a full scale I.Q. of 72. The prognosis was said to be guarded. It was also observed that the plaintiff could comprehend and execute instructions at a very basic level (R.223-229).

In a residual mental health evaluation completed on March 14, 2007, Roger Glover, Ph.D. noted that the plaintiff had only "not significant" to "moderate" psychological limitations. He observed that the plaintiff could understand, retain and follow simple job instructions and was able "to meet the basic mental demands of competitive work on a sustained basis ..." A major depressive disorder and borderline intellectual functioning were noted (R.230-246).

In a report of a residual functional capacity evaluation completed on March 15, 2007, it was noted that the plaintiff could occasionally lift up to one hundred pounds, frequently lift up to fifty pounds and stand, walk or sit for about six hours (R.169-174).

The plaintiff was hospitalized at Highlands Hospital between February 22, 2008 and February 28, 2008 on a "201" commitment due to suicidal threats. Major depression and post traumatic stress disorder were diagnosed (R.267-278).

The plaintiff was treated at the Centerville Clinics, Inc. between May 10, 2007 and February 28, 2008. A diagnosis of major depression with psychotic features and suicide risk was made (R.247-258).

In a report of a psychological evaluation conducted on June 5, 2008 by Lindsey A. Groves, Psy.D. and Dennis Kreinbrook, Ph.D., a major depressive disorder, posttraumatic stress disorder and borderline intellectual functioning were diagnosed. These were said to markedly impact her ability to sustain employment. Psychotherapy was recommended (R.259-265).

The plaintiff received sexual assault counseling services on March 18, April 1, May 21 and June 19, 2008 (R.266).

The relevant regulations require explicit findings concerning the various vocational factors which the Act requires to be considered in making findings of disability in some cases. These regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he/she meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he/she can do his/her past relevant work. If not, then the

residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he/she can exert in engaging in work activity), and if his/her impairment enables him/her to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

Based on the evidence presented, the Commissioner concluded:

The claimant has the following severe impairment: major depressive disorder; borderline intellectual functioning; post-traumatic stress disorder; generalized anxiety disorder; obesity, cervicalgia; lumbago; and complaints of bilateral plantar fasciitis.

\* \* \*

Based upon the foregoing discussion of the evidence, particularly the findings upon physical examination and diagnostic study, the claimant's course of conservative treatment, her activities of daily living, her appearance and demeanor at the hearing, and the opinion of the State agency consultant, but in affording the claimant's subjective allegations some credibility, I find that the claimant's physical impairments limit her to sedentary occupations...

In addition to her physical impairments, the claimant also has mental impairments...

The State agency consultant, who is a psychologist, and who has reviewed the record, finds that the claimant has only mild restrictions in activities of daily living, moderate difficulties in maintaining social functioning, moderate

difficulties in maintaining concentration, persistence, and pace, and no episodes of decompensation, each of extended duration; and that the claimant's mental impairments do not establish the presence of the "C" criteria...

Based upon the foregoing discussion of the medical evidence, I find that the claimant has major depressive disorder, borderline intellectual functioning, post-traumatic stress disorder, and generalized anxiety disorder that cause mild restrictions in her activities of daily living, moderate difficulties in social functioning, moderate difficulties in concentration, persistence, and pace, and no episodes of decompensation, each of extended duration; but, which do not establish the presence of the"C" criteria .

* * *

Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform...

A finding of "not disabled" is therefore appropriate (R.13-18).

The record demonstrates that from a physical standpoint, the plaintiff clearly is not disabled, however, the record discloses serious conflict as to her mental competency. The report of the February 6, 2007 psychological examination reported a diagnosis of major depressive disorder of moderate intensity with a guarded prognosis (R.223-229). This diagnosis was repeated in the Centerville Clinics report (R.247-258). The report of a psychological evaluation conducted on June 5, 2008, again diagnosed a major depressive disorder with a marked impact on her employability (R.259-265). The only contrary report was that of an non-examining psychologist who noted only "not significant" to "moderate" impact of her psychological condition (R.230-246). For this reason, serious doubt exists as to whether or not the conclusion of the Commissioner is based on substantial medical evidence and it would appear that further evaluation of her psychological limitations is necessary.

.

Summary judgment is appropriate where there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. <u>Azur v. Chase</u>, 601 F.3d 212 (3d Cir.2010). In the instant case, it is uncertain whether or not there are material issues of fact in dispute which would warrant further investigation. For this reason, it is recommended that the cross-motions for summary judgment be denied, without prejudice, and the matter be remand to the Commissioner for further evaluation and consideration of the impact of the plaintiff's mental limitations on her ability to be gainfully employed.

Within fourteen days after being served with a copy , any party may serve and file written objections to the Report and Recommendation.  Any party opposing the objections shall have ten days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


Respectfully submitted,

Dated: January 5, 2011                    s/Robert C.  Mitchell,
                                          United States Magistrate Judge